**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**NORTHERN DIVISION**
**AT ASHLAND**

**CIVIL ACTION NO. 15-44-DLB**

**APRIL MILLER, et al.**                                                          **PLAINTIFFS**

**vs.**

**KIM DAVIS, individually and**
**in her official capacity, et al.**                                    **DEFENDANTS**

**and**                              **MEMORANDUM ORDER**

**KIM DAVIS, individually and**
**in her official capacity**                              **THIRD-PARTY PLAINTIFF**

**vs.**

**STEVEN L. BESHEAR, in his official capacity as**
**Governor of Kentucky and WAYNE ONKST,**
**in his official capacity as Commissioner of the**
**Kentucky Department of Libraries and Archives**        **THIRD-PARTY DEFENDANT**

*************************

**I.      Introduction**

        This matter is before the Court on Third-Party Plaintiff Kim Davis' Emergency Motion

for Injunction Pending Appeal (Doc. # 70).  Davis seeks to enjoin Third-Party Defendants

Steve Beshear and Wayne Onkst, in their respective official capacities as Governor of

Kentucky and Commissioner of the Kentucky Department of Libraries and Archives, from

1

directing her to authorize the issuance of marriage licenses while her appeal of the Court's August 25, 2015 Order is pending at the Sixth Circuit Court of Appeals.[1]  She also asks the Court to "preliminarily exempt[ ] [her] from having to authorize the issuance of marriage licenses" while her appeal is pending.[2]  (Doc. # 70-2).  Governor Beshear and Commissioner Onkst having submitted a Response in Opposition (Doc. # 91), and Davis having filed her Reply (Doc. # 97), this matter is now ripe for the Court's review.  At Davis' request, the Court has expedited its decision.  For reasons stated herein, Davis' Emergency Motion for Injunctive Relief (Doc. # 70) is **DENIED**.

## II.   Analysis

When entertaining a motion for preliminary injunction, courts must balance the following four factors: (1) whether the movant has demonstrated a strong likelihood of success on the merits; (2) whether the movant would suffer irreparable harm; (3) whether an injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuance of such an injunction.  *See In re Eagle Picher Indus., Inc.*, 963 F.3d 855, 859 (6th Cir. 1992).

In its Memorandum Opinion and Order of August 12, 2015 (Doc. # 43), the Court held that all four factors weighed in favor of granting Plaintiffs' Motion for Preliminary Injunction (Doc. # 2) against Davis in her official capacity as Rowan County Clerk.  The

---

1) The Court's Order of August 25, 2015 (Doc. # 58) simply stayed briefing of Davis' Motion to Dismiss (Doc. # 32) and Motion for Preliminary Injunction (Doc. # 39) pending review of its Memorandum Opinion and Order of August 12, 2015 (Doc. # 43) by the Sixth Circuit Court of Appeals.  *See* 6th Cir. Case No. 15-5961.  Davis has separately appealed the Court's Memorandum Opinion and Order of August 12, 2015.  *See* 6th Cir. Case No. 15-5880.

2) This is the same relief Davis sought when she moved to stay the Court's August 12, 2015 Memorandum Opinion and Order, in which it granted Plaintiffs' Motion for Preliminary Injunction.  (Doc. # 45).

Court first found that Plaintiffs were likely to succeed on the merits of their constitutional deprivation claim because Davis' "no marriage licenses" policy substantially burdened their fundamental right to marry without serving a compelling state interest. Because even a temporary deprivation of constitutional rights results in irreparable harm, the Court further concluded that Plaintiffs were likely to suffer irreparable harm, absent injunctive relief. *See Overstreet v. Lexington-Fayette Urban Cnty. Gov't*, 305 F.3d 556, 578 (6th Cir. 2002). The Court then rejected Davis' attempt to argue that granting Plaintiffs' request for injunctive relief would infringe upon her own free exercise and free speech rights. Finally, it noted that the public always has an interest in preventing the violation of a party's constitutional rights. *See G & V Lounge, Inc. v. Mich. Liquor Control Comm'n*, 23 F.3d 1071, 1079 (6th Cir. 1994). The Court then preliminarily enjoined Davis from applying her "no marriage licenses" policy to future marriage license requests submitted by Plaintiffs.[3]

Davis relies upon these same four factors in her current Motion. The crux of her argument is that Governor Beshear and Commissioner Onkst cannot enforce their post-*Obergefell* mandate, in which they instructed all county clerks to issue marriage licenses to same-sex couples, without violating her rights under the U.S. Constitution, the Kentucky Constitution and the Kentucky Religious Freedom Act. Thus, Davis essentially reasserts arguments first raised in her Response in Opposition (Doc. # 29) to Plaintiffs' Motion for Preliminary Injunction (Doc. # 2).

---

3) On September 3, 2015, the Court granted Plaintiffs' Motion Pursuant to Rule 62(c) to Clarify the Preliminary Injunction Pending Appeal and expanded its ruling to include other individuals who are legally eligible to marry in Kentucky. (Docs. # 68 and 74).

3

The Court will first address Davis' request for injunctive relief against Governor Beshear and Commissioner Onkst for violation of her federal constitutional rights. The Eleventh Amendment typically bars suits against the state and its officials. *Hans v. Louisiana*, 134 U.S. 1, 15-18 (1890). *Ex Parte Young* carves out an important exception to this rule. *See* 209 U.S. 123 (1908). The Eleventh Amendment does not preclude federal courts from "enjoin[ing] state officials to conform their future conduct to the requirements of federal law." *Quern v. Jordan*, 440 U.S. 332, 337 (1979). The Court therefore has the ability to grant Davis' Motion, but only to the extent that she seeks to compel enforcement of her free exercise and free speech rights under the First Amendment. However, Davis has failed to convince the Court that such relief is appropriate.

In its prior Memorandum Opinion and Order, the Court concluded that Davis was unlikely to suffer a violation of her federal constitutional rights. The Court stands upon that same analysis today, and finds that Davis is unlikely to succeed on the merits of her constitutional deprivation claim. Absent such a constitutional violation, the Court cannot conclude that Davis is likely to suffer irreparable harm, nor can it find that the public interest would be served by granting Davis' request for relief. Thus, to the extent that Davis seeks injunctive relief against Governor Beshear and Commissioner Onkst under *Ex Parte Young* for violation of her federal constitutional rights, her request must is denied.

The Court now turns to Davis' request for injunctive relief against Governor Beshear and Commissioner Onkst for violation of her rights under the Kentucky Constitution and the Kentucky Religious Freedom Act ("Ky. RFRA"). Davis' arguments proceed on the assumption that *Ex Parte Young* allows this Court to enjoin state officials for alleged violations of state law. However, the U.S. Supreme Court has explicitly held to the

4

contrary:

> A federal court's grant of relief against state officials on the basis of state law, whether prospective or retroactive, does not vindicate the supreme authority of federal law. On the contrary, it is difficult to think of a greater intrusion on state sovereignty than when a federal court instructs state officials on how to conform their conduct to state law. Such a result conflicts directly with the principles of federalism that underlie the Eleventh Amendment. We conclude that *Young* . . . [is] inapplicable in a suit against state officials on the basis of state law.

*Pennhurst St. Sch. & Hosp. v. Halderman*, 465 U.S. 89, 106 (1984). "[T]his principle applies as well to state-law claims brought into federal court under pendent jurisdiction." *Id.* Thus, the Court will not delve into the merits of Davis' Motion, to the extent that it is predicated on alleged violations of state law, because the Eleventh Amendment precludes such relief. *See Experimental Holdings, Inc. v. Farris*, 503 F.3d 514, 520-21 (6th Cir. 2007) ("The federal courts are simply not open to such state law challenges to official state action, absent explicit state waiver of the federal court immunity found in the Eleventh Amendment.").

In her Motion, Davis suggests that the Court could easily stem the tide of litigation by simply ordering Governor Beshear and Commissioner Onkst to remove her name and authorization from the marriage license form. While this is a seemingly simple request, it is not consistent with principles of federalism. Under the Eleventh Amendment, as interpreted by *Pennhurst*, the Court simply does not have the authority to order Governor Beshear or Commissioner Onkst to alter the marriage license form or amend KRS § 402.100 based on alleged violations of Davis' rights under the Kentucky Constitution and Ky. RFRA. Davis' claims brought under state law should therefore be brought in Kentucky state court. To the extent that she seeks relief in the form of such an accommodation for

5

violations of Kentucky state law, only the state court can grant such relief.

## III. Conclusion

Accordingly, for the reasons stated herein,

**IT IS ORDERED** that Davis' Motion for Injunctive Relief (Doc. # 70) be, and is, hereby **DENIED**. Davis retains the right to reassert her claim for injunctive relief on state law grounds in the appropriate state court.

This 11th day of September, 2015.



Signed By:
*David L. Bunning*
United States District Judge

G:\DATA\ORDERS\Ashland Civil\2015\15-44 Memorandum Order re 3PP Mtn for ER Injunction.wpd

6