Case No. 15-5880

In The
**UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT**

APRIL MILLER, PH.D., KAREN ANN ROBERTS, SHANTEL BURKE,
STEPHEN NAPIER, JODY FERNANDEZ, KEVIN HOLLOWAY,
L. AARON SKAGGS, and BARRY W. SPARTMAN
Plaintiffs/Appellees

v.

KIM DAVIS, INDIVIDUALLY
Third-Party Plaintiff/Defendant/Appellant

v.

STEVEN L. BESHEAR and WAYNE ONKST,
IN THEIR OFFICIAL CAPACITIES
Third-Party Defendants/Appellees

Appeal from
United States District Court for the Eastern District of Kentucky
Case No. 15-cv-044-DLB
Honorable David L. Bunning, Presiding

**RESPONSE TO EMERGENCY MOTION FOR IMMEDIATE
CONSIDERATION AND MOTION TO STAY DISTRICT COURT'S
SEPTEMBER 3, 2015 INJUNCTION ORDER PENDING APPEAL [DE 43]**

> WILLIAM M. LEAR, JR.
> PALMER G. VANCE II
> STOLL KEENON OGDEN PLLC
> 300 West Vine Street, Suite 2100
> Lexington, Kentucky  40507
> *Counsel for Steven L. Beshear and Wayne
> Onkst in their Official Capacities*

September 15, 2015

Come the appellees Steven L. Beshear, in his official capacity as Governor of Kentucky, and Wayne Onkst, in his official capacity as State Librarian and Commissioner of Kentucky Department for Libraries and Archives (collectively "State Appellees"), by counsel, and pursuant to the briefing letter of September 11, 2015, respectfully tender their response in opposition to the Emergency Motion for Immediate Consideration and Motion to Stay District Court's September 3, 2015 Injunction Order Pending Appeal (the "Motion") [DE 43] of the appellant Kim Davis. To the extent the Motion involves the State Appellees, it must be denied because Davis' claims against the State Appellees must be dismissed.

## I.   FACTUAL AND PROCEDURAL BACKGROUND

This Motion is the latest in Appellant Kim Davis' ("Davis") ongoing efforts to avoid compliance with Obergefell v. Hodges, 135 S. Ct. 2584 (2015). Davis is the elected Clerk of Rowan County, Kentucky, and, along with her deputy clerks, is responsible for issuing marriage licenses to qualified couples. See KRS Ch. 402. Following Obergefell, Davis' office stopped issuing marriage licenses because she contends that issuing licenses to same-sex couples violates her rights to free exercise of religion, free speech, and to be free from religious tests for holding office. [See, e.g. DE 29, Davis Response to Motion for Preliminary Injunction, Page ID 318-646]. Plaintiffs/Appellees ("Plaintiffs") are a group of same-sex and opposite-sex couples residing in Rowan County who brought suit against Davis for

1

unlawfully restricting exercise of their fundamental right of marriage. [DE 1, Complaint, Page ID 1].

The District Court entered a preliminary injunction that enjoins Davis in her official capacity from applying her "no marriage licenses" policy. [DE 43, Memorandum Opinion and Order ("Preliminary Injunction"), Page ID 1146-73]. The District Court thoughtfully analyzed each of Davis' constitutional arguments and found each to be without merit. [Id. at 16-28, Page ID 1161-73]. Davis filed this interlocutory appeal from the Preliminary Injunction. [DE 44, Notice of Appeal, Page ID 1174]. The District Court thereafter clarified the scope of the Preliminary Injunction, finding that Davis is enjoined from applying her "no marriage licenses" policy not just to the Plaintiffs but to all qualified couples. [DE 74, Order ("Clarified Injunction"), Page ID 1557]. Davis has now appealed from that Order as well. [DE 82, Amended Notice of Appeal, Page ID 1785].[1]

This Court previously denied Davis' request for a stay of the Preliminary Injunction pending appeal, finding that her position "cannot be defensibly argued" and that "[t]here is thus little or no likelihood" of success on appeal. [DE 28 at 3].

---

[1] Davis willfully defied the Preliminary Injunction and Clarified Injunction by refusing to issue marriage licenses to qualified couples. [DE 67, Motion for Contempt, Page ID 1477-87]. The District Court found Davis to be in contempt and remanded her to federal custody. [DE 75, Order, Page ID 1558-59]. The District Court released Davis from custody after finding that Davis' deputy clerks would issue licenses and directing Davis not to interfere in their issuance. [DE 96, Order, Page ID 1899].

The United States Supreme Court likewise denied Davis' request for a stay of the Preliminary Injunction. [DE 30].

The present Motion now seeks the same relief as to the Clarified Injunction – a stay pending appeal. Davis states that the latest stay is sought not because of her constitutional objections to issuing same-sex marriage licenses but "only the issue of the district court's acting without jurisdiction" to enter the Clarified Inunction. [Motion at 2].

In an apparent attempt to shift blame for her refusal to follow the law, Davis impleaded the State Appellees by Third-Party Complaint. [DE 34, Third-Party Complaint, Page ID 745-92]. Davis alleges that "Kentucky's marriage policies, as effected by Governor Beshear and Commissioner Onkst" are unlawful, and she seeks declaratory and injunctive relief from these policies. [Id. at ¶¶ 46-147]. Davis contends that "Kentucky marriage policies" violate her rights of free exercise of religion, free speech, and constitute an unlawful religious test for holding office. [Id.]. Notably, these are the ***same constitutional allegations*** raised as defenses to Plaintiffs' claims and rejected by the District Court and this Court.

State Appellees have moved to dismiss the Third-Party Complaint on numerous grounds, including Eleventh Amendment immunity, lack of standing, and failure to state a claim upon which relief can be granted. [DE 92, Motion to Dismiss Third-Party Complaint, Page ID 1845]. State Appellees' motion is

pending with the District Court. The District Court recently denied Davis' request for an injunction against the State Appellees. [DE 103, Memorandum Order, Page ID 2175-80]. The present Motion is likewise without merit and should be denied.

## II.    ARGUMENT

To the extent Davis' Motion affects the State Appellees, it must be denied.[2] The State Appellees are entitled to dismissal of claims against them in the District Court, and consequently should not be parties to this appeal. As noted above, the State Appellees timely moved to dismiss the Third-Party Complaint and that motion is currently pending. [DE 92, Motion to Dismiss Third-Party Complaint, Page ID 1845].

State Appellees are entitled to a ruling on their Motion to Dismiss before this Court considers Davis' present motion both because it would be dispositive of all claims against the State Appellees and because Eleventh Amendment immunity has been raised. See, e.g. Pearson v. Callahan, 555 U.S. 223, 232 (2009) (immunity must be resolved "at the earliest possible stage in litigation"). The State Appellees' arguments are more fully set forth in their Motion to Dismiss Third-Party Complaint, which is incorporated herein by reference. Because the State

---

[2] Neither this appeal nor the present Motion appears to raise issues that actually involve the State Appellees. Yet, Davis has named State Appellees as parties to the appeal.

Appellees are entitled to dismissal of Davis' claims against them, the Motion must be denied.

### III.　CONCLUSION

For the reasons set forth above, the State Appellees respectfully request entry of an Order denying Davis' Emergency Motion for Immediate Consideration and Motion to Stay District Court's September 3, 2015 Injunction Order Pending Appeal [DE 43].

        Respectfully submitted,

        STOLL KEENON OGDEN PLLC
        300 West Vine Street, Suite 2100
        Lexington, Kentucky 40507-1380
        (859) 231-3000
        (859) 253-1093 facsimile

        By: /s/ Palmer G. Vance II
            William M. Lear, Jr.
            Palmer G. Vance II

*Counsel for Appellees Governor*
*Steven L. Beshear and Commissioner*
*Wayne Onkst in their Official Capacities*

CERTIFICATE OF SERVICE

    I hereby certify that I have filed the foregoing with the Court's ECF system on the 15th day of September 2015, which simultaneously serves a copy to the following via electronic mail:

Daniel J. Canon
Laura E. Landenwich
Leonard Joe Dunman
CLAY DANIEL WALTON ADAMS, PLC
dan@dancanonlaw.com
laura@justiceky.com
joe@justiceky.com
COUNSEL FOR PLAINTIFFS

William Ellis Sharp
ACLU OF KENTUCKY
sharp@aclu-ky.org
COUNSEL FOR PLAINTIFFS

James D. Esseks
Ria Tabacco Mar
Daniel Mach
Heather Weaver
AMERICAN CIVIL LIBERTIES UNION
jesseks@aclu.org
rmar@aclu.org
dmach@aclu.org
hweaver@aclu.org
COUNSEL FOR PLAINTIFFS

Anthony Charles Donahue
DONAHUE LAW GROUP, PSC
acdonahue@donahuelawgroup.com
COUNSEL FOR KIM DAVIS

Mathew D. Staver
Horatio G. Mihet
Roger K. Gannam
Jonathan D. Christman
LIBERTY COUNSEL
court@lc.org
hmihet@lc.org
rgannam@lc.org
jchristman@lc.org
COUNSEL FOR KIM DAVIS

                              /s/ Palmer G. Vance II
*Counsel for Appellees Governor
Steven L. Beshear and Commissioner
Wayne Onkst in their Official Capacities*

119363.152876/4428555.5